PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2010 Nissan Xterra was struck by a piece of concrete kicked up by another vehicle on Interstate 77 bridge in Edens Fork, Kanawha County. Interstate 77 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on March 29, 2010. At the time of the incident, Claimant, Melissa Bailey, was driving to work on Interstate 77 southbound. Ms. Bailey testified that she was driving one to two car lengths behind another vehicle over the Edens Fork Bridge when the vehicle in front of her hit a deep broken hole in the pavement. Ms. Bailey stated that she had seen the hole before and estimated that it had been there a few weeks. According to Ms. Bailey, the force of the vehicle in front of her hitting the hole caused a piece of concrete to fly up and hit Claimants’ vehicle in the front fender. As a result of this incident, Claimants’ vehicle sustained damage to front bumper and fog light in the amount of $525.09. Since Claimants’ insurance company covered all but $100.00, Claimants’ recovery is limited to that amount.
The position of the Respondent is that it did not have actual or constructive notice of the hole on Interstate 77 at the time of the incident. Joseph Weekley, crew leader for Respondent, testified that he is familiar with Interstate 77, a priority one road, and the location of this incident. Mr. Weekley stated that he usually drives this section of Interstate 77 two to three times per week to look for road hazards, but had not seen this hole prior to the incident. Furthermore, Mr. Weekley stated that Respondent had not received any complaints about this roadway prior to the incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimants must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the broken section of pavement on Interstate 77 that when struck by another vehicle caused a piece concrete to fly up and hit Claimants’ vehicle, and that such a condition created a hazard to the traveling public. Photographs in evidence depict the hazardous nature of the defect on the Edens Fork Bridge on Interstate 77. The size of the hole, its crumbled and broken character, and location in the center of the driving portion of the road leads the Court to conclude that Respondent had notice of this hazardous condition and an adequate amount of time to take corrective action. Thus, the Court finds Respondent negligent and Claimants may make a recovery for the damage to their vehicle.
*204 In view of the foregoing, it is the opinion of the Court of Claims that the Claimants should be awarded the sum of $100.00.
Award of $100.00.